**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**FARM BUREAU PROPERTY &**
**CASUALTY INSURANCE COMPANY**,

       Plaintiff,

v.                                       **No: 1:17-cv-01213-RB-KBM**

**DANIEL G. QUARTIERI**, **SHELLY C.**
**QUARTIERI**, and **JEREMIAH GOUIN**,

       Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Farm Bureau Property & Casualty Insurance Company (Farm Bureau) presses this Court to decide the insurance coverage dispute underlying this case, despite a parallel state proceeding that involves the same coverage issue. According to Farm Bureau, the defendants do not have standing to sue Farm Bureau in state court, and state proceedings may be unduly delayed by extraneous parties and issues. The defendants counter that parties crucial to the correct disposition of the insurance dispute are present in the state action but absent from this one, that pressing forward may fragment the state court litigation, and that the state court should adjudicate the coverage dispute, which centers entirely on state law. After considering the five *Mhoon* factors articulated by the Tenth Circuit in deciding whether to exercise jurisdiction in a case such as this, the Court determines that the problems with pressing forward outweigh any benefit gained in doing so, at least for now. Accordingly, the practical and prudent move at this time is to stay the proceedings and see how the litigation unfolds in the state court.

## BACKGROUND

Defendant Jeramiah Gouin was just 17 years old when he was trampled by a bull and left paralyzed for life. (Doc. 1 at 2.) At the time of his injury, Mr. Gouin was attending "Riding on

Faith Bull Riding School and Church Camp," a Christian bull-riding camp run by Defendants Daniel Quartieri and Shelly Quartieri. (Doc. 1 at 2.) The Quartieris had insurance coverage provided by Farm Bureau. (Doc. 20 at 2.) When Farm Bureau found out about Mr. Gouin's injury, it retained counsel to defend the Quartieris under a reservation of rights. (*Id.* at 3.) At the time, no lawsuit had been filed against the Quartieris, and Farm Bureau urged the parties to mediate their differences. (*Id.*)

Months later, with no mediation in sight, Farm Bureau filed a declaratory judgment action in this Court, arguing that the incident at the camp was not covered by the Quartieris' insurance policy, so it should be absolved of any responsibility to the Quartieris or Mr. Gouin arising from the incident. (Doc. 1 at 11–13.) After Farm Bureau's declaratory judgment action was filed, the parties scheduled mediation. (Doc. 20 at 3.) With mediation set, Farm Bureau agreed to slow the progress of its lawsuit, consenting to several extensions for the defendants to answer the lawsuit. (*Id.*)

But just days before the scheduled mediation, Mr. Gouin canceled the meeting. (*Id.* at 3.) Mr. Gouin then filed suit in New Mexico's Fourth Judicial District Court, asserting various legal theories against Riding on Faith Camp, the Quartieris, and Farm Bureau, among others. (Doc. 20 at 3–4.) Mr. Gouin's state claims against Farm Bureau are for breach of contract and declaratory judgment. (*Id.* at 4.)

In addition to facing claims from Mr. Gouin, Farm Bureau also faces claims from the Quartieris in state court. The Quartieris, co-defendants with Farm Bureau in the state court action, cross-claimed against Farm Bureau for declaratory relief. (Doc. 25 at 1.) Thus, both the Quartieris and Mr. Gouin have claims for declaratory relief against Farm Bureau pending in state court.

Arguing that this Court should defer to the state court action, Mr. Gouin and the Quartieris have filed motions to dismiss or stay the proceedings here. (Docs. 14 at 1, 15 at 1.)

**DISCUSSION**

The statutory basis for Farm Bureau's request for relief is the Declaratory Judgment Act, which provides that a court with jurisdiction "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers . . . discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment . . . ." *Id.* at 288.

To guide district courts in exercising their discretion over whether to abstain from a declaratory judgment case, the Tenth Circuit in *State Farm Fire & Casualty Co. v. Mhoon* laid out five factors to consider:

(1) whether a declaratory action would settle the controversy;

(2) whether it would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*";

(4) whether a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*See id.*, 31 F.3d 979, 983 (10th Cir. 1994). With these five *Mhoon* factors in mind, the Court turns to the present dispute.

**First and Second *Mhoon* Factors: Settling the Controversy or Clarifying Legal Relations**

The first two *Mhoon* factors are "designed to shed light on the overall question of whether the controversy would be better settled in state court," and, in deciding which forum is better suited to settle, a court should consider the degree of similarity between the federal and state actions. *First Mercury Ins. Co. v. MRCO, Inc.*, No. CV 12-1057 JP/CEG, 2013 WL 12170302, at *3 (D.N.M. Mar. 21, 2013) (quoting *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002)). The more similar the federal and state actions, the more likely a federal declaratory action will settle or clarify the controversy. *See id.*

If the Court follows Farm Bureau's recommendation and looks only at the conflicts between Farm Bureau and the Quartieris or Farm Bureau and Mr. Gouin, (Doc. 20 at 9), then there is a high degree of similarity between the federal and state actions. The focus of the state charges against Farm Bureau center on the extent of Farm Bureau's obligations to the Quartieris and Mr. Gouin—in other words, the state claims against Farm Bureau turn largely on the issue of insurance coverage for the accident at the camp. And the issue of insurance coverage and the delineation of Farm Bureau's obligations is precisely what the declaratory judgment action here seeks to solve. (Doc. 1 at 11.)

But Farm Bureau cites no binding precedent that requires the Court to only look at the parties named in the federal lawsuit, (*see* Doc. 20 at 9), and the Tenth Circuit declined to implement such a stringent rule when given an opportunity to do so. *See Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 983 (10th Cir. 2012) (assuming without deciding that the district court *could* abuse its discretion by being *overly* concerned with nonparties, but declining to adopt rule that consideration of nonparties automatically constitutes

abuse of discretion). Because the state action incorporates more parties and more legal issues, including negligence claims by Mr. Gouin against the Quartieris, (*see* Doc. 14 at 4–5), the state and federal actions are considerably different and thus a declaratory judgment here would not resolve the broader disputes before the state court.

Assuming the Court should focus on the parties to the federal lawsuit—but keeping in mind that a broader perspective may be possible and would produce a broader result—the Court finds that the first two factors lean in favor of retaining jurisdiction.

**Third *Mhoon* Factor: Procedural Fencing**

Mr. Gouin asserts that Farm Bureau disingenuously suggested mediation to prevent the defendants from initiating a state court action and to buy itself time to race to federal court. (*See* Doc. 14 at 5–6.) But the facts of the case do not support Mr. Gouin's theory. Farm Bureau waited months after suggesting mediation before filing its federal action. The complaint it filed in this Court contained basic facts, a reproduction of large sections of the Quartieris' policy, and a few points of law. (*See* Doc. 1.) Surely Farm Bureau would not have taken months to file the complaint if it intended to race to federal court. Also, racing to federal court would have had limited utility since the first-to-file rule applies when two *federal*—not state—district courts have concurrent jurisdiction, *Farmers Ins. Co. of Arizona v. Komis*, No. 1:17-CV-00703 WJ/JHR, 2017 WL 6372663, at *2 (D.N.M. Dec. 12, 2017), and Farm Bureau did not even invoke the first-to-file rule, (Doc. 20 at 10). Rather than push for the resolution of the coverage issue before a parallel state proceeding could commence, Farm Bureau consented to several extensions for defendants. This factor leans in favor of retaining jurisdiction.

**Fourth and Fifth *Mhoon* Factors: Friction between State and Federal Courts, Encroaching on State Courts' Domain, and Better or More Effective Alternative Remedies**

Farm Bureau argues that the federal forum is the only one that can properly adjudicate the coverage dispute because Mr. Gouin, as a third-party claimant with no judgment in hand and no express statutory right to sue, cannot assert a declaratory judgment action against it in state court. (Doc. 21 at 4.) Mr. Gouin, of course, disputes Farm Bureau's claim about his ability to maintain a state declaratory judgment action. (Doc. 25 at 4–7.) But even if Farm Bureau were right, the fact remains that the Quartieris—who are not third-party claimants and have unchallenged standing to sue Farm Bureau—have brought a cross-claim against Farm Bureau to clarify the scope of their insurance plan. (Doc. 25 at 2–3.) So, the state court can decide the coverage issue irrespective of Mr. Gouin's standing.

Not only did the Quartieris bring suit against Farm Bureau, they also sued Farm Bureau's insurance agents. The suit alleges that the insurance agents misrepresented the scope of the coverage the Quartieris purchased, and an insurer can be bound by the actions of its insurance agents. (Doc. 26 at 3–4.) If Farm Bureau's insurance agents lied to the Quartieris, then the Quartieris may still have cognizable claims against the insurance agents in state court even if this Court were to rule in Farm Bureau's favor on the coverage issue. On the other hand, a state court resolution, because it involves more relevant parties, could offer more complete relief. "[F]ederal courts should generally decline jurisdiction over declaratory judgment actions if '[a] final judgment in state court will necessarily resolve all issues before [the district court] and the other issues arising out of the same transactions thus allowing comprehensive disposition of litigation.'" *Mid-Continent*, 685 F.3d at 984 (citing *State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir.1979)).

Further, if the Court rules in Farm Bureau's favor here, what would happen if the state court, in exploring the Quartieris' claims against the insurance agents, finds that the agents did indeed misrepresent the coverage of the Quartieris' insurance policy? Such a finding might result in friction with this Court's ruling given the Quartieris' assertion that insurers can be bound by their agents. And to the extent that what the insurance agents told the Quartieris is relevant to determining coverage and is in dispute, this Court "should not entertain a declaratory judgment action . . . if the same fact-dependent issues are likely to be decided in another pending proceeding." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) (quoting *Kunkel v. Cont'l Cas. Co.,* 866 F.2d 1269, 1276 (10th Cir.1989)).

The gravamen of Farm Bureau's argument appears to be that this Court can more quickly resolve the coverage dispute, and that insurers deserve quick notice of their obligations. (*See* Doc. 20 at 16.) But there are stronger countervailing considerations: the present suit may lack interconnected parties and claims, increasing the risk of friction with the state court and throwing into question this Court's ability to correctly decide the coverage issue; the present suit leads to expensive and messy piecemeal litigation, at least for the Quartieris and Mr. Gouin, because it does not adjudicate all the claims of all the parties in the state action; and New Mexico has a strong interest in shaping its own law of insurance coverage. *See* N.M. Stat. Ann. § 59A-16-2 (showing that the New Mexico legislature regulates the insurance business). The fourth and fifth factors strongly favor declining to decide the coverage issue at this juncture.

Given the discussion above, the Court would face a difficult decision if it were forced to choose between the extremes of dismissing the case or deciding the case at this time. Fortunately, the Court is not limited to those two options as it may also stay the proceedings as the state case unfolds. *See Wilton*, 515 U.S. at 288 (explaining that a stay is often preferable

when a Court is uncomfortable proceeding given the pendency of a parallel state action, since the federal court may resume jurisdiction "if the state case, for any reason, fails to resolve the matter in controversy"). Since this federal action may be missing important parties, since fact development is better done at the state court, since the state action promises a more comprehensive resolution, since the dispute centers on state law, and since there is a high risk of conflict with state proceedings, the Court declines to confront the coverage dispute at this time and will stay the case.

If subsequent developments in state proceedings render impossible the resolution of the coverage issue—for example, if the state court decides that Mr. Gouin cannot maintain a claim against Farm Bureau and that the Quartieris cannot file a third-party complaint or otherwise assert their claims against Farm Bureau—then Farm Bureau may petition the Court to lift the stay. Otherwise, the proceedings here will be stayed until the underlying state action is resolved.

## CONCLUSION

For the reasons described, the Court grants the Quartieris' and Mr. Gouin's motion to stay. Farm Bureau may seek to lift the stay if subsequent developments in state court make it clear that the coverage dispute cannot be resolved in the state forum. Otherwise, the stay will last until the resolution of the state court case, at which time the Quartieris and Mr. Gouin shall file a notice alerting this Court.

_____

**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**